WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| Joseph John Rocha, | No. CV 10-526-TUC-BPV |
| Plaintiff, | **ORDER** |
| vs. | |
| Michael J. Astrue, Commissioner of Social Security, | |
| Defendant. | |

Plaintiff, Joseph John Rocha, applied for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB) on July 20, 2007, alleging disability since February 7, 2007. Tr. 117-127. Plaintiff's date last insured was September 2006 (Tr. 128), and apparently for this reason only his application for SSI benefits under Title XVI was considered. The application was denied initially, (Tr. 58), on reconsideration (Tr. 63), and after an administrative hearing before an Administrative Law Judge (ALJ) held on April 22, 2009 (Tr. 35-55). The ALJ issued a written decision on August 12, 2009, finding Plaintiff is under a disability, but that a substance use disorder is a contributing factor to the determination of disability, and, accordingly, Plaintiff is not disabled within the meaning of the Social Security Act. Tr. 22-34. This decision became the final decision for purposes of judicial review under 42 U.S.C. § 405(g) when the Appeals Council denied review. Tr. 1-5.

Plaintiff now brings this action for review of the final decision of the Commissioner for Social Security pursuant to 42 U.S.C. §§ 405(g). The United States

Magistrate Judge has received the written consent of both parties, and, accordingly, presides over this case pursuant to 28 U.S.C. § 636 (c) and Fed.R.Civ.P. 73.

After considering the record before the Court and the parties' briefing of the issues, the Court affirms Defendant's decision.

## I.   STANDARD OF REVIEW

The Court has the "power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). The court will set aside a denial of benefits only if the Commissioner's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Kail v. Heckler*, 722 F.2d 1496, 1497 (9th Cir. 1984) (citing *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir.1982), *Thompson v. Schweiker*, 665 F.2d 936, 939 (9th Cir, 1982)); 42 U.S.C. § 405(g). In determining whether there is substantial evidence, the Court must consider the evidence as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985).

## II.   DISCUSSION

Whether a claimant is disabled is determined using a five-step evaluation process. "A finding of 'disabled' under the five-step inquiry does not automatically qualify a claimant for disability benefits." *Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001). Under 42 U.S.C. § 423(d)(2)(C), a claimant cannot receive disability benefits "if alcoholism or drug addiction would ... be a contributing factor material to the Commissioner's determination that the individual is disabled."

Under the implementing regulations, the ALJ must conduct a drug abuse and alcoholism analysis by determining which of the claimant's disabling limitations would remain if the claimant stopped using drugs or alcohol. 20 C.F.R. § 416.935

The key factor is whether the ALJ would still find the claimant disabled if he

stopped using alcohol. *Id.*; *Ball v. Massanari*, 254 F.3d 817, 821 (9ᵗʰ Cir. 2001). If the remaining limitations would still be disabling, then the claimant's drug addiction or alcoholism is not a contributing factor material to his disability. If the remaining limitations would not be disabling, then the claimant's substance abuse is material and benefits must be denied. 20 C.F.R. § 416.935. In such materiality determinations, the claimant bears the burden of proving that drug addiction or alcoholism is not a contributing factor material to the disability determination. *Id.*

The ALJ determined that Plaintiff had not engaged in substantial gainful activity since July 12, 2007, and had the following severe impairments: hepatitis C; depressive disorder; anxiety disorder; and history of polysubstance abuse. Tr. 25, ¶¶ 1, 2. While those impairments do not meet or equal a listed impairment (Tr. 26, ¶ 3), they do preclude Plaintiff from performing his past relevant work as a laborer and landscape laborer, and that considering Plaintiff's age, education, work experience, residual functional capacity (RFC) based on all of the impairments, including the substance use disorders, there are no jobs that exist in significant numbers in the national economy that Plaintiff could perform. Tr. 29, ¶ 9.

The ALJ further concluded that if Plaintiff stopped the substance use, the remaining limitations, specifically the hepatitis C, depressive disorder, and anxiety disorder, would cause more than a minimal impact on claimant's ability to perform basic work activities, but that Plaintiff would not have an impairment or combination of impairments that meets or medically equals a listed impairment. Tr. 30, ¶¶ 10, 11. The ALJ assessed Plaintiff's RFC if he stopped the substance use and concluded that Plaintiff's ability to perform a full range of work at all exertional levels would be compromised by the following nonexertional limitations: mild limitations in the ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods; was limited to one- or two-step routine tasks, had an insufficient

pace for detailed tasks but was okay for simple tasks; and had the ability to be able to meet the basic mental demands of competitive remunerative, unskilled work on a sustained basis. Tr. 31, ¶ 12. Accordingly, the ALJ found that if Plaintiff stopped the substance use, he would still be unable to perform past relevant work, but that considering the claimant's age, education, work experience, and RFC, there would be a significant number of jobs in the national economy that the claimant could perform. Tr. 31, ¶ 15. The ALJ found that because the Plaintiff would not be disabled if he stopped the substance use, the Plaintiff's substance use disorders are a contributing factor material to the determination of disability, and thus, the Plaintiff has not been disabled within the meaning of the Social Security Act. Tr. 34, ¶ 16.

Plaintiff contends that the ALJ erred in determining that substance abuse was a material factor in causing Plaintiff's disability and in not correctly applying the listing at 5.00D(3) and (4) for evaluating chronic liver disease; and that the Appeals Council must remand the case to allow the ALJ to consider newly submitted evidence relevant to the case and not previously available.

A. New Evidence

Section 405(g) "authorizes district courts to review administrative decisions in Social Security benefit cases." *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). Plaintiff seeks remand to consider new evidence, and thus, is requesting relief pursuant to 42 U.S.C. § 405(g), sentence six. Ordinarily, it is the ALJ's decision that is reviewed, since, upon denial of review by the Appeals Council, the ALJ's decision becomes the final agency decision. 20 C.F.R. § 416.1481. Where, the claimant submits evidence after the ALJ's decision and the Appeals Council specifically considers that evidence, "we consider the rulings of both the ALJ and the Appeals Council," and the record for review includes the new evidence. *Ramirez v. Shalala*, 8 F.3d 1449, 1451-52 (9th Cir. 1993); 20 C.F.R. § 416.1470(b) (providing that the Appeals Council shall evaluate the entire record, including new relevant evidence). *See also Harman v. Apfel*, 211 F.3d 1172, 1180 (9th

Cir. 2000); *Bates v. Sullivan*, 894 F.2d 1059, 1063-64 (9ᵗʰ Cir. 1990). If the new evidence is material, then we must remand the case to the ALJ for reconsideration. *Booz v. Secretary of Health and Human Serv.*, 734 F.2d 1378, 1380 (9ᵗʰ Cir. 1984)

The Government argues that, in this case, though Plaintiff submitted new evidence to the Appeals Council, because the Appeals Council did not *specifically consider* the new evidence the Court should not consider the new evidence unless Plaintiff meets his burden of proving that the additional evidence is new and material and that he "had good cause for having failed to produce that evidence earlier." (Doc. 22, at 12) citing *Mayes v. Massanari*, 276 F.3d 453, 462 (9ᵗʰ Cir. 2001).

The Appeals Council received two additional exhibits into evidence, a brief from Plaintiff's counsel (Tr. 183-85), and further medical evidence of record in the form of a mental RFC assessment completed by Dale Hawkins, N.P.[1] on December 7, 2008, and a letter from Augusto Posadas, M.D., stating that Plaintiff is being treated for chronic hepatitis C and cirrhosis of the liver, and opining that Plaintiff continues to feel weak due to the hepatitis C, and stating that Plaintiff has stopped drinking which has helped prevent further progression of the disease. Tr. 267-69. Though the letter is undated, it was obtained after the ALJ's date of decision. *See* Doc. 19, at 9, ll.4-5.

Applicable regulations provide that, if "new and material evidence is submitted," the Appeals Council "shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision. … It will then review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record." 20 C.F.R. §

---

[1] Plaintiff refers to Dale Hawkins as a "treating physician." The treating provider's name and title on the mental RFC assessment, the only place in the record where Mr. Hawkins' position is indicated, is somewhat ambiguous, and can be interpreted as either "Dale Hawkins, MD" or "Dale Hawkins, NP." The Appeals Council refers to Dale Hawkins as a nurse practitioner, and the Government makes a persuasive argument for deferring to this interpretation. Because the Appeals Council's findings are clearly unrelated to the weight which should be given Dale Hawkins' assessment, as is this Court's ruling, the Court need not decide Dale Hawkins position at this time.

416.1470(b).

The Appeals Council stated that they looked at the mental RFC assessment submitted by Dale Hawkins, N.P., and found that this did not affect the decision because the ALJ decided Plaintiff's case through August 12, 2009, and the new information was about a later time, and therefore it did not affect the decision about whether Plaintiff was disabled beginning on or before August 12, 2009. Tr. 2. The Appeals Council did not err in finding that the new evidence of Plaintiff's mental RFC assessment by Dale Hawkins did not relate to the period prior to the ALJ's date of decision, August 12, 2009, as the assessment took place on December 7, 2009, and Plaintiff did not establish, through treatment notes or other medical evidence of record, an ongoing treatment relationship or any other means that would have allowed a retrospective extrapolation of Plaintiff's mental RFC prior to the date of assessment.

The Government is correct, that the Appeals Council did not "consider" this evidence. Accordingly, this Court considers this evidence under the lens of 42 U.S.C. §405(g), sentence six. Remand for reconsideration under sentence six of 42 U.S.C. § 405(g) is appropriate only where a plaintiff submits new evidence and further shows that: (1) the new evidence is material to his disability; and (2) he had good cause for failing to submit the evidence earlier. *See Mayes*, 276 F.3d at 462; *see also* 42 U.S.C. § 405(g) (sentence six: a court may "order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record"). To be material, the new evidence must bear "directly and substantially on the matter in dispute," and the plaintiff must show a "reasonable probability" that the new evidence would have changed the outcome of the administrative hearing. *See Mayes*, 276 F.3d at 462.

With regard to the good cause requirement, "[i]f new information surfaces after the [Commissioner's] final decision and the claimant could not have obtained that

evidence at the time of the administrative proceeding, the good cause requirement is satisfied." *Key v. Heckler,* 754 F.2d 1545, 1552 (9th Cir. 1985).  However, "[a] claimant does not meet the good cause requirement simply by obtaining a more favorable report from an expert witness once his claim is denied...The claimant must establish good cause for not seeking the expert's opinion prior to the denial of his claim." *Clem,* 894 F.2d at 332 (*citing   Key,* 754 F.2d at 1551). The Ninth Circuit has not found good cause and, thus, has declined to remand cases for consideration of new evidence where, like here, the plaintiff offered no reason why he could not have obtained the evidence earlier. *Id.* at 332-333 (*citing Key,* 754, F.2d at 1551; *Allen,* 726 F.2d at 1473).   Specifically, in *Key*, the Ninth Circuit opined that "the obvious explanation is that when Key failed to succeed on his disability claim...he sought out a new expert witness who might better support his position.  The 'good cause' requirement would 'be meaningless if such circumstances were sufficient to allow introduction of new evidence.'" *Key,* 754 F.2d at 1551 (*quoting Allen,* 726 F.2d at 1473); *see also Clem,* 894 F.2d at 332-333 (no good cause to remand in case that was "analogous to the one analyzed by us in *Key*...").  Because Plaintiff herein offers no explanation why the evidence could not have been obtained earlier for use by the Commissioner, Plaintiff failed to meet the good cause requirement. *Id.* Consequently, remand for consideration of Dale Hawkins' assessment is not appropriate in this case.

Even if Plaintiff met the good cause requirement, or the Court considered the evidence under *Ramirez, supra,* Plaintiff has not established materiality. If the new evidence is material, then we must remand the case to the ALJ for reconsideration. *Booz v. Secretary of Health and Human Serv.*, 734 F.2d 1378, 1380 (9th Cir.1984). The new evidence is material if there is a "reasonable possibility" that it would have changed the outcome of the administrative proceedings. *Id.* Here, Plaintiff has not met his burden of showing that the additional evidence is material to the question of whether he was disabled on or before August 12, 2009. As the Government correctly argues, Plaintiff

cannot meet these standards because the "matter in dispute" is whether Plaintiff was disabled *at the time of the ALJ's decision*, not whether he may have become disabled thereafter. *See Mayes*, 276 F.3d at 462. Dale Hawkins' report is dated almost four months after the ALJ's decision, and Hawkins does not in any way indicate that the opinion addresses the period prior to the ALJ's decision. (*See* Tr. 268.) Nor has Plaintiff shown any prior relationship with Hawkins that might permit an inference that the opinion applies to the pre-decision period. Therefore, the report is irrelevant.

Because the Appeals Council clearly rejected the portion of the assessment that related to the post-decision period, the Court finds that only the portion of the assessment and opinion that the Appeals Council considered as a possible basis for changing the ALJ's decision was the evidence presented regarding Plaintiff's alcohol and drug use.

As to the new evidence provided by Plaintiff that he was not currently using alcohol (Dr. Posadas' letter, Tr. 269; Dale Hawkins' assessment, Tr. 267-68); or drugs (Dale Hawkins' letter, *id*.), and had not used any drugs for the last six years (Dale Hawkins' letter, *id*), the Appeals Council considered the reasons Plaintiff disagreed with the decision and the additional evidence and found that the "additional evidence … does not provide a basis for changing the Administrative Law Judge's decision." Tr. 2. Where the claimant submits evidence after the ALJ's decision and the Appeals Council specifically considers that evidence, "we consider the rulings of both the ALJ and the Appeals Council," and the record for review includes the new evidence. *Ramirez v. Shalala*, 8 F.3d 1449, 1451-52 (9th Cir. 1993); 20 C.F.R. § 404.970(b) (providing that the Appeals Council shall evaluate the entire record, including new relevant evidence); s*ee also Vasquez v. Astrue*, 572 F.3d 586, 595 n.7 (9th Cir. 2009)("Because this evidence was submitted to and considered by the Appeals Council, and is part of the administrative record, this Court may consider it in reaching its final decision even though the ALJ did not have the benefit of this information during the initial hearing."); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1030 n.2 (9th Cir. 2007) (quoting *Ramirez*, court considers new

evidence presented to the Appeals Council); *Harman v. Apfel*, 211 F.3d 1172, 1180 (9th Cir. 2000)("We properly may consider the additional material because the Appeals Council addressed them in the context of denying appellant's request for review."); *Gomez v. Chater*, 74 F.3d 967, 971 (9th Cir. 1996)("Although the Appeals Council affirmed the decision of the ALJ denying benefits to Gomez, this evidence is part of the record on review to this court."). If the new evidence is material, then we must remand the case to the ALJ for reconsideration. *Booz v. Secretary of Health and Human Serv.*, 734 F.2d 1378, 1380 (9th Cir.1984). The new evidence is material if there is a "reasonable possibility" that it would have changed the outcome of the administrative proceedings. *Id.*

The Court finds that the new evidence is not material for several reasons. First, as noted by the Government, "reports . . . issued after the Commissioner's decision . . . are less persuasive," *Macri v. Chater*, 93 F.3d 540, 544 (citing *Weetman v. Sullivan*, 877 F.2d 20, 23 (9th Cir. 1989)). Second, Dale Hawkins' opinion is unsupported and in direct conflict with the medical evidence of record concerning Plaintiff's own reported substance use. Specifically, his opinion that substance abuse was not a material factor in Plaintiff's disability was premised on a belief that Plaintiff had not used drugs since 2003. (See Tr. 268.) But Plaintiff plainly told Dr. Rau in April 2008 that he had smoked marijuana only "a few weeks" prior (Tr. 233), and the ALJ certainly believed Plaintiff was continuing to use drugs (see Tr. 30–34). Additionally, Hawkins' opinion is completely unsupported, lacking any concurrent report of examination or other explanation. *See Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir.2002) ("The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings.")

Thus remand for reconsideration pursuant to sentence six of 42 U.S.C. § 405(g) is inappropriate because Plaintiff has failed to demonstrate either good cause for failing to submit the evidence earlier or that the new evidence is material to his disability.

B. <u>Substance Use</u>

Plaintiff argues that the ALJ's conclusion that abuse of cannabis is a contributing factor material to the determination that Plaintiff is disabled is pure speculation, (Doc. 19, at 3),[2] and that the case should be remanded for the ALJ to determine whether the use of cannabis is material to Plaintiff's disability. The Court finds that the ALJ has already conducted an appropriate materiality analysis pursuant to the controlling statute, regulations, and caselaw, and contrary to Plaintiff's bare assertion that the ALJ's decision was pure speculation, based his decision on the only substantial evidence in the record.

The parties do not disagree that, under 42 U.S.C. § 423(d)(2)(C), a claimant cannot receive disability benefits "if alcoholism or drug addiction would ... be a contributing factor material to the Commissioner's determination that the individual is disabled." Under the implementing regulations, the ALJ must conduct a drug abuse and alcoholism analysis by determining which of the claimant's disabling limitations would remain if the claimant stopped using drugs or alcohol. 20 C.F.R. § 416.935

Based on the record before him, the ALJ determined that Plaintiff's mental condition was such that Plaintiff would be "unable to meet the basic mental demands of competitive[,] remunerative, unskilled work on a sustained basis." (Tr. 28.) However, the ALJ also determined that Plaintiff's continuing, frequent marijuana use had a material effect on Plaintiff's "ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods"—when using drugs, the ALJ found Plaintiff was moderately limited in this area (Tr. 28), but without drugs found him to have only a mild limitation (Tr. 31). Thus, if Plaintiff were to stop using drugs his

---

[2] Initially, Plaintiff also misstates that "the ALJ accepted Plaintiff's disability but erroneously ascribed it to alcohol and cocaine abuse." (Doc. 19, at 3) Contrary to Plaintiff's assertion, the ALJ specifically acknowledged that the evidence of hepatitis C, and ongoing depression and anxiety persisted after the record demonstrated cessation of alcohol and cocaine abuse, but that the impairments would not have more than a minimal effect on Plaintiff's ability to work. Tr. 30, ¶ 10.

- 10 -

condition would improve to the point where he would be mentally and physically capable of working. (Tr. 31.) In making this determination, the ALJ relied primarily on the opinions of Dr. Rau and Dr. Estes. (*See* Tr. 32.) Both of these doctors specifically stated that Plaintiff's mental limitations, specifically in the areas of understanding and memory, as well as sustained concentration and persistence, were possibly attributable to the effects of his marijuana use (Tr. 235, 238), and their opinions were completely uncontradicted—at the time of the ALJ's decision, they were the only doctors to provide any opinion on how Plaintiff's drug use might affect his functioning. The ALJ's determination that drug abuse was a material factor in Plaintiff's disability was supported by substantial evidence and will therefore be upheld.

C.  Listing 5.05

Plaintiff argues that the ALJ erred in not applying correctly the listing at 5.00D(3) and (4) for evaluating chronic liver disease and chronic viral hepatitis. Plaintiff's argument focuses on the generalized descriptions of hepatitis and chronic liver disease in 20 C.F.R. pt. 404, supbart P, app. 1 § 5.00D. (*See* Pl.'s Br. 15.) The language Plaintiff quotes is from the introduction related to digestive system impairments, not any of the listings themselves. The introduction "contains information relevant to the use of the listings in that body system; for example, examples of common impairments in the body system and definitions used in the listings for that body system." 20 C.F.R. § 416.926(c) (2010). But it is the specific listings, which "follow the introduction . . . after the heading, *Category of Impairments*," that a claimant must show he meets, not some generalized description in the introduction. *Id.* By arguing that he fits within the descriptions of chronic liver disease and viral hepatitis in the introduction, all Plaintiff has done is show that it was proper for the ALJ to consider whether Plaintiff's condition met listing 5.05. In fact, those generalized descriptions specifically direct the Agency to evaluate the general conditions of chronic liver disease and chronic viral hepatitis infections (a sub-category of chronic liver disease) under the specific requirements of listing 5.05. *See* 20

C.F.R. pt. 404, supbart P, app. 1 §§ 5.00D(2); 5.00D(4)(1)(i) and (ii).

Because there is no evidence of hemorrhaging, ascites or hydrothorax, bacterial peritonitis, hepatorenal syndrome, hepatopulmonary syndrome, or end stage liver disease, evaluations under listings 5.05A-E, or G were appropriately disregarded.

The listing for hepatic encephalopathy, indicating a severe loss of hepatocellular function and characterized by abnormal behavior, cognitive dysfunction, altered state of consciousness, and ultimately coma and death, is met by showing:

1. Documentation of abnormal behavior, cognitive dysfunction, changes in mental status or altered state of consciousness (for example, confusion, delirium, stupor, or coma), present on at least two evaluations at least 60 days apart within a consecutive 6 month periods; and

2. History of transjugular intrahepatic portosystemic shunt (TIPS) or any surgical portosystemic shunt: or

3. One of the following occurring on at least two evaluations at least 60 days apart within the same consecutive 60 month period as in F1:
    a. Asterixis or other fluctuating physical neurological abnormalities; or
    b. Electroencephalogram (EEG) demonstrating triphasic slow wave activity; or
    c. Serum albumin of 3.0 g/dL or less; or
    d. International Normalized Ratio (INR) of 1.5 or greater.[3]

20 C.F.R. pt. 404, supbart P, app. 1 § 5.05F.

The Commissioner concedes that Plaintiff demonstrated some cognitive dysfunction before both Dr. Suarez (March 12, 2008) and Dr. Rau (April 17, 2008), though neither of these doctors diagnosed Plaintiff with hepatic encephalopathy, and the examinations were not the required 60 days apart, thus failing to meet the first criteria.

---

[3] Plaintiff has charted his blood test results and provided a "normal level" reference which is neither the normal range referred to in the blood test results, or in the Listings. Plaintiff provides no documentation or citation as support for the establishment of the "normal levels" in his chart, nor does he explain if this normal level refers to a "normal" patient, a patient with hepatitis, nor does he, as is often mentioned in the medical records, differentiate between a patient receiving anticoagulation treatment or not. The Court will disregard the reference levels provided by Plaintiff and instead refer to the medical evidence of record and the requirements as established in the Listings.

Additionally, Plaintiff has not demonstrated placement of a shunt. While Plaintiff's INR is elevated, it does not meet the criteria of listing 5.05F in any of his blood tests reported in the medical records, (Tr. 200-01,, 212-13, 225, 256-57, 265-66), and his serum albumin results ranged from 4.0 to 4.3 5/dL, well within range of the Listings. Though the elevation of Plaintiff's liver enzymes did not meet the exacting criteria of listing 5.05, the ALJ considered the laboratory results but nonetheless concluded that because the results were elevated on three occasions, each a year apart, without evidence of additional testing or treatment in the interim, the results represented a "snap shot" of an indication of the disease but [did] not establish a continuum" and thus neither a listing or its equivalency was met. The ALJ did not err in concluding that Plaintiff's condition did not meet or equal a listed impairment.

### III.   CONCLUSION

Because the Court finds that the ALJ did not err in determining that substance abuse was a material factor in causing Plaintiff's disability nor did the ALJ err in applying the Listings for evaluating chronic liver disease, and because Plaintiff did not meet his burden in demonstrating good cause for having failed to produce new evidence, nor did he demonstrate the materiality of the new evidence in order to demonstrate cause for remand, the Court will not reverse the agency's denial of benefits.

IT IS ORDERED:

1.    Defendant's administrative decision denying benefits is affirmed.

2.    The Clerk is directed to terminate this action.

Dated this 6th day of March, 2012.

Bernardo P. Velasco
United States Magistrate Judge